**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOSHUA SHELEY, K-52844, | ) |
|                  Plaintiff, | ) |
| vs. | ) Case No. 16-cv-00686-MJR |
| JOHN DOE DENTIST, JOHN DOE WARDEN, and DR. ARTHUR FUNK, | ) |
|                  Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Joshua Sheley, an inmate who is currently incarcerated at Dixon Correctional Center ("Dixon"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Big Muddy River Correctional Center ("Big Muddy"). Plaintiff alleges that a dentist at Big Muddy diagnosed him with several cavities and told Plaintiff that he would fill them (Doc. 1, p. 5). For more than two years, the dentist refused to do so. As a result, Plaintiff suffered from unnecessary pain, trouble eating, and tooth decay (*id.*). He now seeks monetary damages against Big Muddy's dentist ("Dentist John Doe"), Big Muddy's warden ("Warden John Doe") and Wexford's medical director (Doctor Arthur Funk) for denying him proper dental care between 2010-14 (*id.* at 6).

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is

immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary screening under this standard.

## The Complaint

During his incarceration at Big Muddy from 2010-14, Plaintiff met with an unknown dentist ("Dentist John Doe") to discuss tooth pain he was experiencing (Doc. 1, p. 5). Dentist Doe diagnosed Plaintiff with several cavities and indicated that he would fill them. Although Plaintiff met with Dentist Doe two more times, the dentist refused to fill his cavities.

Plaintiff submitted numerous written requests for dental care to Big Muddy's dental staff. He eventually received a letter stating that he was on a waiting list. In the same letter, he was discouraged from submitting any additional requests for treatment. While waiting for dental care, Plaintiff suffered from toothaches, headaches, and pain while eating (*id*. at 18).

More than two years after his initial appointment with Dentist Doe, Plaintiff was transferred to a different prison (*id*. at 5). Within two months, his cavities were filled. At the time, the "cavities had gotten to the gum line" (*id*.). Plaintiff now claims that the delay in proper dental care caused permanent damage, including ongoing dental pain.

Plaintiff now seeks monetary damages against Dentist Doe (Big Muddy's unknown dentist from 2010-14), Warden Doe (Big Muddy's unknown warden from 2010-14), and Doctor Funk (Wexford's director) (*id*. at 6).

## Discussion

The complaint articulates a colorable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Dentist Doe. The Eighth Amendment to the United States Constitution safeguards prisoners against a lack of medical care that may result in pain and suffering that serves no penological purpose. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir.

2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). To state a claim under the Eighth Amendment, a prisoner must show that his medical need was objectively serious (*i.e.*, an objective standard), and state officials acted with deliberate indifference to the prisoner's health or safety (*i.e.*, a subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Seventh Circuit has made it clear that "dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). Examples of "objectively serious" dental needs include situations in which the failure to treat a dental condition causes the inmate to suffer other health problems, such as headaches, extreme pain, bleeding, infected gums, and problems eating. *Id.* at 593 (citations omitted). Plaintiff describes many of these health problems in connection with his claim that Dentist Doe refused to fill his cavities for more than two years; he allegedly suffered from frequent toothaches, additional tooth decay, intense headaches, hot/cold sensitivity, and problems eating while he waited for proper dental care (Doc. 1, p. 18). These allegations suggest that Plaintiff suffered from an objectively serious medical need.

To satisfy the subjective component of this claim, the allegations must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is deliberate indifference, which is shown when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Negligence does not support a claim of deliberate indifference. *Id*.

At this early stage, the complaint suggests that Dentist Doe responded to Plaintiff's dental needs with deliberate indifference. He diagnosed Plaintiff with multiple cavities and then refused to fill them for more than two years. Plaintiff maintains that this delay resulted in permanent injuries, including persistent pain. Count 1 shall receive further review against Dentist Doe.

However, this claim shall be dismissed against Warden Doe and Doctor Funk. Plaintiff does not mention either of these defendants in his statement of claim or any exhibits to the complaint. "For constitutional violations under § 1983[,] . . . a government official is only liable for his or her own misconduct." *Perez*, 792 F.3d at 781 (citation omitted). In order to recover monetary damages against a prison official acting in a supervisory role, such as Warden Doe and Doctor Funk, a § 1983 plaintiff cannot rely on the doctrine of *respondeat superior*, or supervisory liability. Instead, the plaintiff must allege that each defendant, through his or her own conduct, violated the Constitution. *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

But the statement of claim says nothing about Warden Doe or Doctor Funk. Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, Count 1 shall be dismissed without prejudice against Warden Doe and Doctor Funk.

Based on the foregoing discussion, the Court will allow **Count 1** to proceed against Dentist Doe. However, this claim shall be dismissed against Warden Doe and Doctor Funk without prejudice for failure to state a claim upon which relief may be granted.

### Identification of Dentist John Doe

The only remaining defendant in this action is the dentist who met with Plaintiff between 2010 and 2014 at Big Muddy. His identity is currently unknown. For this reason, the Court has referred to him as "Dentist John Doe" in the case caption and throughout this order. While it is within the Court's discretion to allow Plaintiff to proceed against an unknown defendant, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997). Further, Dentist Doe cannot be served with process or answer the complaint until he is identified.

Therefore, Plaintiff will be required to identify Dentist Doe with specificity, in order to pursue his claim against the dentist. Plaintiff may use the discovery process to identify this defendant. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). He may direct discovery requests aimed at identifying this defendant (*i.e.*, the dentist at Big Muddy who met with Plaintiff between 2010-14) to the current warden of the prison, who shall promptly respond to discovery requests aimed at identifying the dentist who meets this description.

Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the unknown dentist is discovered, Plaintiff must file a "Motion for Substitution" of this newly-identified defendant in place of the generic designation for Dentist John Doe in the case caption and throughout the complaint. The Warden of Big Muddy River Correctional Center shall be added as a defendant in this action, for the sole purpose of responding to written discovery aimed at identifying the unknown dentist with particularity.

### Pending Motions

Plaintiff has filed a motion to appoint counsel (Doc. 3), which is hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED in part**, with respect to Dentist John Doe (once he is properly identified in a motion for substitution) and the Warden of Big Muddy River Correctional Center, and **DENIED in part**, with respect to Warden Doe and Doctor Funk.

### Disposition

The Clerk is **DIRECTED** to **ADD** Defendant **WARDEN of BIG MUDDY RIVER CORRECTIONAL CENTER** as a party to this action in CM/ECF. The warden is named as a party for the sole purpose of responding to Plaintiff's discovery, informal or otherwise, aimed at identifying "Dentist John Doe" with particularity. Once Plaintiff identifies the unknown dentist in a motion for substitution filed with the Court, the warden may file a motion seeking dismissal from this action.

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against Defendants **WARDEN JOHN DOE** and **DOCTOR ARTHUR FUNK**.

**IT IS FURTHER ORDERED** that **COUNT 1** is subject to further review against Defendant **DENTIST JOHN DOE**, once his identity is discovered. Service shall not be made on Defendant **DENTIST JOHN DOE** until such time as Plaintiff has identified this defendant by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

As to **COUNT 1,** the Clerk of Court shall prepare for Defendant **WARDEN of BIG MUDDY RIVER CORRECTIONAL CENTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 3) and a plan for discovery aimed at identifying Defendant Dentist John Doe.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c),

*should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 15, 2016**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**
