IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA SHELEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-686-MJR-SCW |
| | ) |
| DENNIS FURLONG, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pursuant to **42 U.S.C. § 1983,** *pro se* Plaintiff filed his complaint alleging that Defendant Furlong was deliberately indifferent in treating several cavities (Doc. 7). At the time the Court reviewed Plaintiff's complaint, he was reminded that he was under a continuing obligation to keep the Court informed of any change in his address (*Id*. at p. 8). Plaintiff was warned that a failure to update the Court on his address may ultimately result in a dismissal of his claims. The Court received a notice of change of address from Plaintiff on July 20, 2017 (Doc. 48). The notice indicated his current address, which appears on the docket sheet. Defendant sent a certified letter to Plaintiff regarding setting a deposition and that letter was returned to Defendant unopened with a stamp indicating that "RETURN TO SENDER SHELEY JOSHUA MOVED LEFT NO ADDRESS UNABLE TO FORWARD" (Doc. 61-1). Counsel for Defendant sent a second letter to resolve discovery issues on October 18, 2017 and that letter was also returned as

Plaintiff had moved and left no forwarding address (Doc. 61-1). Defendant subsequently filed the pending motion to dismiss for failure to prosecute (Doc. 61). The undersigned set the motion for hearing and warned Plaintiff to a failure to appear would result in dismissal of his claims (Doc. 62). That notice was mailed to Plaintiff's address, as listed on the docket, and was returned as undeliverable (Doc. 63). The undersigned held a hearing on Defendant's motion on November 20, 2017 and Plaintiff neither called or appeared in Court (Doc. 64).

In light of Plaintiff's failure to appear and his lack of participation in the case, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's case **with prejudice** for failure to prosecute.

**Federal Rule of Civil Procedure 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, **722 F.3d 980, 982 (7th Cir. 2013) (quoting** *Johnson v. Chi. Bd. of Educ.*, **718 F.3d 731, 732-33 (7th Cir. 2013)).** The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* **(citing** *Kruger v. Apfel*, **214**

F.3d 784, 786-87 (7th Cir. 2000)).

Here, the undersigned finds that Plaintiff has failed to prosecute his case. Plaintiff provided the Court with an address upon his release from prison and subsequent documents and letters have been sent to Plaintiff's stated address and have been returned as undeliberate. Plaintiff further failed to appear at the motion hearing. Nor has he contacted the Court, either by phone or in writing, since he submitted his notice of change of address on July 20, 2017. The undersigned presumes by Plaintiff's failure to appear, and his failure to participate in any way in this case since his release from prison, that he is no longer interested in pursuing his claims.

As such, it is **RECOMMENDED** that the Court **GRANT** the motion to dismiss (Doc. 61) and **DISMISS** Plaintiff's case **with prejudice** for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **December 7, 2017.**

**IT IS SO ORDERED**.
DATED: November 20, 2017.

/s/ Stephen C. Williams
STEPHEN C. WILLIAMS
United States Magistrate Judge